UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:24-cv-60001-DMM

ERICA LAVINA and ANDREA DARLOW,
individually and on behalf of all those
similarly situated,

      Class Plaintiffs,

v.


JOHN D. ROOD, in his capacity as Chairman of the
Florida Prepaid College Board; ADRIA D.
STARKEY, in her capacity as Vice Chair of the
Florida Prepaid College Board; MARK AGUSTIN,
in his capacity as a member of the Florida Prepaid
College Board; SLATER BAYLISS, in his capacity
as a member of the Florida Prepaid College Board;
KATHRYN HEBDA, in her capacity as a member of
the Florida Prepaid College Board; RADFORD
LOVETT, in his capacity as a member of the Florida
Prepaid College Board; TROY MILLER, in his
capacity as a member of the Florida Prepaid College
Board; and KEVIN THOMPSON, in his capacity as
Executive Director of the Florida Prepaid College
Board,

      Defendants.

_____/

## JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER[1]

      Pursuant to Rule 16 of the Federal Rules of Civil Procedures, the Parties jointly submit this Scheduling Report and Proposed Scheduling Order:

---

[1] By participating in this Joint Scheduling Report and Proposed Scheduling Order as required by this Court's Local Rules, Defendants do not expressly or impliedly waive their right to assert any defenses to this suit. Defendants intend to file at the appropriate time a motion to dismiss Plaintiffs' claims, raising their Eleventh Amendment immunity and the non-application of the Ex Parte Young doctrine.

1

## SCHEDULING REPORT

1.      On January 26, 2024, a telephonic meet and confer took place between counsel for all parties to this action, to wit: Alec Schultz and Ed Zebersky for Plaintiffs, and Jason Zimmerman for Defendants.

2.      The Parties discussed the following matters covered by Local Rule 16.1(b)(2):

(a)      **The likelihood of settlement:**

The Parties believe that the constitutional questions and fundamental rights at issue in this lawsuit may require judicial adjudication and may not be possible to resolve by settlement. Nevertheless, the Parties understand that this Court requires mediation in all civil cases, and thus are prepared to participate in good faith in any mediation required by the Court.

(b)      **The likelihood of appearance in the action of additional parties:**

The Parties may seek to add additional parties as warranted by the pleadings and factual developments in discovery, and as permitted by the applicable law, civil rules, this Court's local rules, and the scheduling orders of this Court.

(c)      **Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery:**

These deadlines are addressed in the Proposed Scheduling Order, *infra*.

(d)      **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

As a preliminary matter, Defendants expect to file a motion to dismiss that may assist with narrowing the issues for trial. The Parties anticipate that each of them will file one motion for summary judgment, on or before the deadline proposed in the Scheduling Order, *infra*, and established by the Court.

(e)      **The necessity or desirability of amendments to the pleadings:**

The Parties may amend pleadings on or before the deadlines proposed in the Scheduling Order, *infra*, and established by the Court. Any additional amendments

shall be for good cause, upon leave of Court, if and as permitted under the applicable law.

(f)      **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties hereby consent to electronic service of discovery requests and responses, and other materials which are not required to be filed with the Court. The Parties do not have any additional specific proposals at this time, but are prepared to work in good faith in discovery to employ available discovery mechanisms to minimize the burdens on the Parties and the Court.

(g)      **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties do not have any specific proposals at this time, but are prepared to work in good faith in discovery and at trial to minimize the burdens on the Parties and the Court.

(h)      **Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties do not unanimously agree that this case should be referred to a Magistrate Judge. The Parties have no objection to the submission of any discovery disputes to the presiding Magistrate Judge.

(i)      **A preliminary estimate of the time required for trial:**

At this time, Plaintiffs believe the trial of this action may require 3 days. Defendants believe trial may require 10 days.

(j)      **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

Trial date of July 24, 2025, with one pretrial conference date of June 2, 2025.

(k)      **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims**

**of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

The Parties anticipate disclosure of ESI in discovery. ESI materials will be produced in bates-stamped, Adobe PDF format in the first instance. If any party has a specific need for metadata or the production of ESI in any other format, the parties will work together in good faith to resolve those needs without unduly burdening each other or the Court.

The parties are aware of their obligations to preserve evidence, including ESI, and have taken reasonable, necessary steps.

The Parties are aware of, and will comply with, the requirements of Local Rule 26.1(e)(2)(B)-(C) with respect to any claim of privilege.

(l)    **Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

None at this time.

3.    The Parties also discussed the matters covered by Local Rule 16.1(b)(3). These matters are covered in the following Proposed Scheduling Order and Order Referring Case to Mediation, which tracks the sample order provided on this Court's website:

## PROPOSED SCHEDULING ORDER AND ORDER REFERRING CASE TO MEDIATION

Having considered the Joint Scheduling Report of the parties, the Court hereby ORDERS the following:

### I. PRETRIAL DEADLINES

The pretrial deadlines in this case, which shall not be modified absent compelling circumstances, are as follows:

| February 29, 2024 | Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier). |
|---|---|
| March 29, 2024 | Deadline to designate a mediator and to schedule a time, date, and place for mediation. |
| April 30, 2024 | Deadline for joinder of additional parties, amended pleadings, and motions for class certification. |

4

| | |
|---|---|
| July 26, 2024 | The parties shall provide opposing counsel with a written list with the names and addresses of all primary/initial expert witnesses intended to be called at trial and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order. |
| August 30, 2024 | The parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order.<br>**Note**: The above provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers. |
| March 28, 2025 | All discovery shall be completed. |
| April 25, 2025 | All Pretrial Motions, including summary judgment motions, *Daubert* motions, and motions *in limine* shall be filed. |
| May 23, 2025 | Mediation must be completed. |
| June 20, 2025 | Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists. |
| July 3, 2025 | Objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances. |
| July 17, 2025 | Joint Trial Plan shall be filed. |

## II. MEDIATION

Pursuant to Local Rule 16.2, this case is referred to mediation as follows:

(a)   Mediation shall be completed by the above stated deadline;

(b)   The parties shall, within the deadline set forth above, agree upon a mediator and file a Notice of such with the Court. If the parties are unable to agree upon mediator, they shall ask the Clerk of Court to designate a mediator from the list of certified mediators on a blind random basis;

     (c)     Counsel for Plaintiff shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

     (d)     Within seven (7) days of the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof; and

     (e)     The parties shall refer to the Court's Order Setting Status Conference, Calendar Call, and Trial Date for instructions on how to proceed after settlement.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this ___ day of _____, 2024.

_____
Donald M. Middlebrooks
U.S. District Judge

Copies furnished to: All counsel of record via CM/ECF

Respectfully submitted on this 15th day of February, 2024,

| | |
|---|---|
| **ZEBERSKY PAYNE SHAW LEWENS, LLP** | */s/ Jason Zimmerman (with permission)* |
| | **Jason Zimmerman** |
| Edward H. Zebersky | Florida Bar No.: 104392 |
| Edward H. Zebersky, Esq. (FBN:908370) | Primary Email Address: |
| Mark S. Fistos, Esq. (FBN: 909191) | jason.zimmerman@gray-robinson.com |
| 110 Southeast 6th Street, Suite 2900 | Secondary Email Address: |
| Fort Lauderdale, FL 33301 | downs.litigation@gray-robinson.com |
| Telephone: (954) 989-6333 | **George Levesque** |
| Facismile: (954) 989-7781 | Florida Bar No.: 555541 |
| ezebersky@zpllp.com | Primary Email Address: |
| mfistos@zpllp.com | george.levesque@gray-robinson.com |
| kgonzalez@zpllp.com | Secondary Email Address: |
| | becky.emerson@gray-robinson.com |
| **HILGERS GRABEN, PLLC** | **GRAY\|ROBINSON, P.A.** |
| Alec Schultz, Esq. (FBN: 35022) | 301 E. Pine Street |
| 1221 Brickell Ave | Suite 1400 |
| Miami, FL 33131 | Orlando, FL 32801 |
| aschultz@hilgersgraben.com | Phone: 407-843-8880 |
| *Attorneys for Class Plaintiffs Erica Lavina and* | Fax: 407-244-5690 |
| *Andrea Darlow, individually and on behalf of all* | *Attorneys for Defendant, The Florida* |
| *those similarly situated* | *Prepaid College Board* |

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2024, a true and correct copy of

the foregoing was filed with the Clerk of Court via the CM/ECF filing system which will serve a

copy via Email to all counsel of record.

*/s/ Alec Schultz*
Alec Schultz, Esq. (FBN: 35022)