## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60001-CV-MIDDLEBROOKS

ERICA LAVINA and ANDREA DARLOW,
*individually and on behalf of all those*
*similarly situated,*

      Plaintiffs,

v.

JOHN D. ROOD, *in his capacity as Chairman of*
*the Florida Prepaid College Board*; ADRIA D.
STARKEY, *in her capacity as Vice Chair of the Florida*
*Prepaid College Board*; MARK AGUSTIN, *in his*
*capacity as a member of the Florida Prepaid College*
*Board*; SLATER BAYLISS, *in his capacity as a member*
*of the Florida Prepaid College Board*; KATHY HEBDA,
*in her capacity as a member of the Florida Prepaid*
*College Board*; RADFORD LOVETT, *in his capacity as*
*a member of the Florida Prepaid College Board*; TROY
MILLER, *in his capacity as a member of the Florida*
*Prepaid College Board*; and KEVIN THOMPSON, *in his*
*capacity as Executive Director of the Florida Prepaid*
*College Board,*

      Defendants.

_____/

### ORDER ON MOTION TO STAY

THIS CAUSE comes before the Court upon Defendants' Expedited Motion for Stay, filed

on February 26, 2024. (DE 19). Plaintiffs responded to the Motion on March 5, 2024. (DE 22).

Defendants seek a stay of discovery in this case pending a resolution of a motion to dismiss that

has not yet been filed, but which Defendants intend to file. (DE 19 at n.1). Defendants request an

expedited order from the Court because Plaintiffs have propounded requests for production and

interrogatories, and the response deadline is March 11, 2024. For the following reasons, the Motion

is granted.

Plaintiffs initiated this putative class action on January 2, 2024. (DE 1). In the Complaint, Plaintiffs allege that Defendants are violating the Contract Clause of the United States Constitution and are committing an unconstitutional "taking" by failing to pay a "Tuition Differential Fee" enacted by the state legislature in 2007. Plaintiffs allege that the deferred tuition plan contracts they have entered into with Florida Prepaid College Board require the payment of the tuition differential fee for students who opt to attend private institutions or out-of-state institutions.

District courts can grant a discovery stay as part of their broad discretion in managing pretrial discovery matters. *See Johnson v. Bd. Of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). In determining whether a stay of discovery pending a motion to dismiss is appropriate, "the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Point Conversions, LLC v. Lopane*, No. 20-CIV-61549, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020). This requires that I take a "preliminary peek" at the merits of the motion to dismiss. *Point Conversations*, 2020 WL 6700236 at *2.

I have reviewed the Complaint, the Motion to Stay, and Plaintiffs' Response to the Motion to Stay. Based upon my preliminary evaluation, it appears that Defendants will have a proper Eleventh Amendment sovereign immunity defense. From a cursory screening, Plaintiff nominally seeks prospective relief in the form of a declaration that Defendants' interpretation of the TDF exemption is incorrect and an injunction preventing Defendants from applying the TDF exemption to their contracts. However, the practical reality of the relief Plaintiffs seek is essentially an order to pay more money to out-of-state and private schools under its contracts with Plaintiffs. *See Edelman v. Jordan*, 415 U.S. 651, 666 (1974). ("We do not read *Ex parte Young* or subsequent holdings of this Court to indicate that any form of relief may be awarded against a state officer, no

2

matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled 'equitable' in nature.")

Of course, I intend to examine the issues and applicable law more closely later. But at this point, I think that the arguments raised by Defendants warrant a stay of discovery because Eleventh Amendment immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Stay (DE 19) is **GRANTED.**

2. Discovery is stayed in this matter until I decide the merits of Defendants' forthcoming motion to dismiss.

**SIGNED** in Chambers in West Palm Beach, Florida, this 7 day of March, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc:     Counsel of Record

3