UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERICA LAVINA and ADREA DARLOW,
individually and on behalf of all those
similarly situated,

CASE NO.: 0:24-cv-60001

    Class Plaintiffs,

v.

JOHN D. ROOD, in his capacity as Chairman of the Florida Prepaid College Board; ADRIA D. STARKEY, in her capacity as Vice Chair of the Florida Prepaid College Board; MARK AGUSTIN, in his capacity as a member of the Florida Prepaid College Board; SLATER BAYLISS, in his capacity as a member of the Florida Prepaid College Board; KATHRYN HEBDA, in her capacity as a member of the Florida Prepaid College Board; RADFORD LOVETT, in his capacity as a member of the Florida Prepaid College Board; TROY MILLER, in his capacity as a member of the Florida Prepaid College Board; and KEVIN THOMPSON, in his capacity as Executive Director of the Florida Prepaid College Board,

    Defendants.
_____/

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, John D. Rood, Adria D. Starkey, Mark Agustin, Slater Bayliss, Kathryn Hebda, Radford Lovett, Troy Miller, and Kevin Thompson (collectively "Defendants"), file this Reply in Support of their Motion to Dismiss (Doc. 24), and state:

As an initial matter, the entirety of Plaintiffs claims—that they have a vested contractual right that has been impaired or a vested contractual right that has been taken—rests on a premise that the First District Court of Appeal rejected in *Snyder*. Plaintiffs "seek an injunction prohibiting

Defendants from interpreting their contracts and applying the TDF-related law in a constitutionally prohibited manner in the future." ECF 30 at 12.  But nothing in the United States Constitution dictates the interpretation advocated by Plaintiffs, nor do they explain how that governing document dictates the result they desire.  The *Snyder* court made clear that the TDF was not part of the bargained-for exchange following the amendments to sections 1009.01(3) and 1009.24(16), Florida Statutes.  *See Snyder*, 269 So. 3d at 595 ("Snyder has received the value of the contract.").

The interpretation of contracts is generally a matter of state law, and federal courts are not the final word on state law—state courts are. *See DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 54, 136 S. Ct. 463, 468, 193 L. Ed. 2d 365 (2015) (stating that "interpretation of a contract is ordinarily a matter of state law to which we defer . . . ."); *see also Claussen v. Aetna Cas. & Sur. Co.*, 865 F.2d 1217, 1217 (11th Cir.), *certified question answered*, 259 Ga. 333, 380 S.E.2d 686 (1989) (stating that interpretation of an insurance contract provision was "peculiarly a question of state law . . . ."); *Peoples v. Sec'y, Dep't of Corr.*, 8:18-CV-1618-WFJ-AAS, 2023 WL 4947939, at *26 (M.D. Fla. Aug. 3, 2023), *appeal dismissed sub nom. Peoples v. Sec'y, Florida Dep't of Corr.*, 23-13008-B, 2024 WL 1070535 (11th Cir. Feb. 1, 2024) ("The state court's interpretation of state law is afforded deference."). The only way Plaintiffs' claims may proceed is if this Court ignores or disagrees with *Snyder*'s interpretation of the contract—a course of action that is unworkable as the interpretation of the master agreements is governed by state law, and a state court has already opined on the matter.  *Stanfill v. State,* 384 So.2d 141, 143 (Fla.1980) ("The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by [the Florida Supreme Court]."); *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) (providing that the decisions of districts courts of appeal are binding on all state trial courts unless overruled by the Florida Supreme Court and in the absence of inter-district conflict).

Furthermore, despite arguing that the requested relief is only prospective relief, Plaintiffs' request—to force Florida Prepaid to pay out-of-state schools the TDF—is not an "ancillary effect," (*See* ECF 30, p. 11-12) and is instead more in line with the relief requested in *Seminole Tribe of Fla. v. Fla. Dep't. of Revenue*, 750 F. 3d 1238, 1243 (11th Cir. 2014), where the Eleventh Circuit refused to enjoin the Florida Department of Revenue. *See also Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (requirement of payment of state funds as a form of compensation, while described as a retroactive award, had a "practical effect indistinguishable in many aspects from an award of damages against the State."); *see also Pearson v. Pritzker*, 20-CV-02888, 2021 WL 1121086, at *7–8 (N.D. Ill. Mar. 24, 2021) (relief requested violated Eleventh Amendment despite seeking prospective injunctive relief due to the actual impact of state treasury); *Council 31 of the Am. Fed'n of State, Cnty. and Mun. Emps. v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012) (same); *DeKalb Cnty. Sch. Dist. v. Schrenko*, 109 F.3d 680, 690–91 (11th Cir. 1997) (noting that, while the exception to the *Ex Parte Young* doctrine permits federal courts to enjoin state officials to conform their conduct to the requirements of federal law, where "the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] immunity from suit even though individual officials are nominal defendants.") (citing *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)).

Additionally, the gravamen of their complaint, that they have a vested contractual right that has been impaired or a vested contractual right that has been taken, is premised on the 2007 legislative enactment of the TDF. The creation of the TDF is the purported harm that they are seeking to remedy, and the TDF was created more than a decade ago in 2007. Prospective relief

3

to remedy a retroactive harm—which is what Plaintiffs seek here—would not fit the *Ex Parte Young* exception.

Here, Plaintiffs seek to have their contract construed in a way that directly conveys a benefit—a benefit for which they never paid. *Snyder*, 269 So. 3d at 592-93 (Fla. 1st DCA 2019) ("Pursuant to the plain language of the contract, the value of the TDF is not transferable to an out-of-state institution and [the plaintiff's] prepaid plan does not include the value of the TDF."). Such a result is not ancillary or prospective, but a direct result of changing the interpretation of the contractual rights that occurred in 2007. And to the extent that the funds that Defendants manage for the benefit of Plaintiffs and others fall short, any deficit does come from the State Treasury. *See* § 1009.98(7), Fla. Stat. (obligating the State to meet the obligations of the Board if there is a shortage of funds).

Furthermore, the relief Plaintiffs seek is not like the relief sought in the cases cited by Plaintiffs, which involve a denial of fundamental rights. For example, Plaintiffs' reliance on *Milliken v. Bradley*, 433 U.S. 267, 289 (1977)[1] is inappropriate to the extent the relief requested in that case—elimination of a de jure segregated school system—is incomparable to Plaintiffs' demand here that Defendants be required to interpret the master contracts differently than the *Snyder* court has validated to convey a right and give them a cause of action that can be vindicated. Indeed, the *Milliken* court specifically noted that the "compensatory" nature of the plans were part of a larger plan to "bring about the delayed benefits of a unitary school system." *Id.* at 290. Here, the same cannot be said, where the entirety of Plaintiffs' claim rests on a change in interpretation of the underlying contracts that imposes a direct financial impact to the State of Florida.

---

[1] Plaintiffs also cite *Quern v. Jordan*, 440 U.S. 332 (1979) in support of this proposition, but that case is inapposite. *Quern* only required the mailing of a notice, it did not direct any relief for past or future benefits. *Id.* at 348-49.

Where courts in the Eleventh Circuit have enjoined state actors, the vindication of fundamental rights was at the core of the dispute. The cases cited by Plaintiffs all enjoin continuing violation of fundamental or federal statutory rights. *See Lane v. Cent. Alabama Cmty. Coll.*, 772 F.3d 1349 (11th Cir. 2014) (vindicating First Amendment rights in relation to claims of retaliation); *In re Ellett*, 254 F.3d 1135, 1138 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (Aug. 27, 2001) (enjoining state officials from continuing violations of federal statutory law—attempting to collect a tax debt discharged in bankruptcy); *Luckey v. Harris*, 860 F.2d 1012 (11th Cir. 1988) (enjoining officials from continuing violations of the Sixth Amendment right to counsel, due process rights under the Fourteenth Amendment, the right to bail under the Eighth and Fourteenth Amendments and equal protection of the laws guaranteed by the Fourteenth Amendment); *Clark v. Cohen,* 794 F.2d 79 (3d Cir. 1986) (vindicating procedural and substantive due process rights guaranteed by the Fourteenth Amendment for the wrongful retention of plaintiff in a state mental institution); *Chester Upland Sch. Dist. v. Pennsylvania,* 861 F. Supp. 2d 492 (E.D. Pa. 2012) (vindicating federal statutory rights arising under the Individuals with Disabilities Education Act, and concluding that the state waived sovereign immunity by accepting federal IDEA funds).

Plaintiffs wish that a different court—this Court—might adopt a different interpretation of Florida law concerning their entitlement to the TDF payments, in order to revive the claim that *Snyder* rejected. Such requested relief does not amount to the type of fundamental rights where courts have found ancillary payments out of the state treasury permissible. Nor can this Court's revision of *Snyder*'s interpretation and application of state law provide a path for the relief Plaintiffs request. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105-06 (1984) (finding the exceptions to Eleventh Amendment immunity" are inapplicable in a suit against state

officials on the basis of state law"). And without such revision, Plaintiffs have no federal impairment of contract or takings claims.

Plaintiffs' efforts to draw a distinction based upon "past versus future remedies" and the "facial versus as applied" distinctions are equally unavailing. The contracts at issue were amended in 2008 based upon the 2007 change in law, and Plaintiffs paid and continued to pay for benefits that plainly excluded the TDF *for years*. Plaintiffs essentially ask this court to revise their contracts, granting them greater benefits than that for which they previously paid. But the benefits were set when Plaintiffs made payment under the contracts. To draw those distinctions now would require this Court to deviate from the clear holding in *Snyder*, and this Court cannot grant injunctive relief for violations of state law. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 105-06.

For the foregoing reasons and for the reasons presented in Defendants' Motion to Dismiss, Plaintiffs' Amended Complaint should be dismissed with prejudice.

Respectfully submitted on this 1st day of April, 2024,

>*/s/ Jason Zimmerman*
>**Jason Zimmerman**
>Florida Bar No.: 104392
>Primary Email Address:
>jason.zimmerman@gray-robinson.com
>Secondary Email Address:
>downs.litigation@gray-robinson.com
>**George Levesque**
>Florida Bar No.: 555541
>Primary Email Address:
>george.levesque@gray-robinson.com
>Secondary Email Address:
>becky.emerson@gray-robinson.com
>**GRAY|ROBINSON, P.A.**
>301 E. Pine Street
>Suite 1400
>Orlando, FL 32801
>Phone: 407-843-8880
>Fax: 407-244-5690
>*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2024 a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF filing system which will serve a copy via Email to all counsel of record.

*/s/ Jason Zimmerman*
**Jason Zimmerman**
Florida Bar No.: 104392